```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

ADRIAN CARTER,                              )
                                            )
                Plaintiff,                  )
                                            )
vs.                                         ) No. CIV-08-406-FHS
                                            )
BOARD OF GOVERNORS OF THE FEDERAL RESERVE   )
SYSTEM, et. al.,                            )
                                            )
                Defendants.                 )

**ORDER**

Adrian Carter filed this action on October 27, 2008, as a *pro se* plaintiff. In the complaint he names as defendants the President of the United States of America, Stockholders of the Federal Reserve, Board of Governors of Federal Reserve System, and the Department of the Treasury. Defendants are either federal government agencies or federal officers or employees being served in their official capacity. Plaintiff attempted to serve all the defendants by certified mail. At the status and scheduling conference held on February 11, 2009, the court told the plaintiff he had not properly served the defendants and he must serve them again. The court struck the case from the status and scheduling docket to be re-set at a later date.

After a review of the docket sheet, it is apparent plaintiff did not attempt to serve them again. On April 2, 2009, plaintiff filed a Motion for Default Judgment (Doc. # 23). On April 3, 2009, the court entered an order denying the motion again stating plaintiff had failed to properly serve the defendants (Doc. #24). On April 22, 2009, plaintiff filed a Motion for Entry of Default Judgment by the Clerk (Doc. #25). On April 23, 2009, an order

was entered again denying the motion for plaintiff's failure to properly serve the defendants (Doc. #26). On this same date the court entered the following minute order:

> Pursuant to Federal Rule of Civil Procedure 4 (m) the plaintiff is required to serve the defendants 120 days after the complaint is filed or his case is subject to dismissal. Plaintiff has failed to properly serve these defendants. All four defendants in this case are either employees of the United States or an agency of the United States. Plaintiff has failed to serve these defendants pursuant to Federal Rule of Civil Procedure 4 (i). Plaintiff needs to consult this rule in order to properly serve defendants. The court will give the plaintiff until May 22, 2009, in which to properly serve the defendants. If plaintiff has failed to serve these defendants within this time-frame this case will be subject to dismissal.

In response to this minute order, the plaintiff filed a response stating he had served the defendants. In support of this statement he submitted copies of letters he had received from the United States Postal Service regarding the delivery information for the documents he sent by registered mail. The documents he presents to the court in support of service reveal little as to who was served. There is no proof that the individuals who signed for the documents had the authority to receive process on behalf of the named defendant. Further, the service is not in accord with Federal Rule of Civil Procedure 4 (i) because plaintiff failed to achieve service on the United States as well as the individual defendants. Thus, plaintiff has failed to properly serve the defendants even though he was given numerous opportunities to do so. In the minute order entered April 23, 2009, the court warned the plaintiff this case

would be subject to dismissal if he did not properly serve the defendants by May 22, 2009. Plaintiff failed to get the defendants served by this deadline. Accordingly, this case will be dismissed for plaintiff's failure to timely serve.

**IT IS SO ORDERED** this 28th day of May, 2009.

Frank H. Seay
United States District Judge